FILED

2008 APR -4  PM 1: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2    A Limited Liability Partnership
     Including Professional Corporations
3  DOUGLAS R. HART, Cal. Bar No. 115673
   JONATHAN P. BARKER, Cal. Bar No. 233652
4  333 South Hope Street, 48th Floor
5  Los Angeles, California  90071-1448
   Telephone:  213-620-1780
6  Facsimile:   213-620-1398
7  dhart@sheppardmullin.com
8  jbarker@sheppardmullin.com

9  Attorneys for Defendant
   MAJESTIC PICTURES, INC.
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  JOSEPH WARREN, individually and        Case No. CV08-02243 GAF MAN
    on behalf of all others similarly situated,
15                                          **NOTICE OF REMOVAL OF**
16              Plaintiffs,                 **ACTION PURSUANT TO 28 U.S.C.**
                                            **1331, 1332, 1441 AND 1446**
17         v.                               **(FEDERAL QUESTION AND**
                                            **DIVERSITY JURISDICTION)**
18  MAJESTIC PICTURES, INC.; and
19  DOE ONE through and including DOE       [Complaint Filed:  January 23, 2008]
    ONE HUNDRED,
20
21              Defendants.
22

23

24         TO   THE   HONORABLE   JUDGES   OF   THE   UNITED   STATES
25  DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND
26  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:
27

28

-1-

1    PLEASE TAKE NOTICE that Defendant Majestic Pictures, Inc.

2 ("Defendant") hereby removes the matter of <u>Joseph Warren, et al. v. Majestic</u>

3 <u>Pictures, Inc., et al.</u>, Case No. BC 384170, from the Los Angeles Superior Court to

4 the United States District Court for the Central District of California pursuant to 28

5 U.S.C. §§ 1331, 1332, 1441 and 1446.

6    On January 28, 2008, Plaintiff Joseph Warren ("Plaintiff") filed his

7 Complaint, on behalf of himself and all others alleged to be similarly situated,

8 against Defendant in the Central District of the Superior Court for the County of Los

9 Angeles, entitled <u>Joseph Warren, et al. v. Majestic Pictures, Inc., et al.</u>, Case No. BC

10 363935.[1]  The first date upon which Defendant received a copy of the Complaint

11 was March 5, 2008, when Defendant was served with a copy of the Complaint and

12 Summons.  Rogers Decl., ¶ 3.  A Notice of Case Management Conference and a

13 Notice of Reassignment were also served on Defendant on the same date.[2]

14 Defendant filed an Answer to Plaintiff's Complaint in Los Angeles Superior Court

15 on April 3, 2008.[3]  Defendant is informed and believes that no other pleadings have

16 been filed in state court in connection with this case.

17    This action is a civil action over which this Court has original

18 jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and is one that may be

19 removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441

20 and 1446, because the Complaint poses federal questions, and because Defendant's

21 principal place of business is in Florida, thus qualifying this case for diversity

22

23 _____

24 [1] A true and correct copy of the Summons and Complaint is attached to the
Declaration of Howard Rogers ("Rogers Decl.") as Exhibit A.

25 [2] A true and correct copy of the Notice of Case Management Conference and Notice
26 of Reassignment are attached to the Rogers Decl. as Exhibit B.

27 [3] A true and correct copy of the Answer to Plaintiff's Unverified Complaint is attached to
the Declaration of Jonathan P. Barker as Exhibit C.

28

jurisdiction. *See* 28 U.S.C. § 1332(c).  The following is a short, plain statement of the grounds for removal.

## GROUNDS FOR REMOVAL

### FEDERAL QUESTION

Plaintiff alleges that he and other California employees of Defendant were not paid minimum wages or overtime wages, in violation of 29 U.S.C. §§ 206 and 207 of the Federal Fair Labor Standards Act.  Specifically, Plaintiff's Fourth Cause of Action is for "Violation of Fair Labor Standards Act, 29 U.S.C. § 206, Failure to Pay Minimum Wage."  Pursuant to this cause of action, Plaintiff alleges violation of the Fair Labor Standards Act, and seeks damages in accordance with 29 U.S.C. § 216(b).  *See* Exh. A, ¶¶ 50-51.  Similarly, Plaintiff's Fifth Cause of Action is for Violation of Fair Labor Standards Act, 29 U.S.C. § 207, Failure to Pay Overtime."  Plaintiff also alleges violation of the Fair Labor Standards Act pursuant to this cause of action, and seeks damages in accordance with 29 U.S.C. § 216(b). *See* Exh. A, ¶¶ 53-54.  The Fair Labor Standards Act is a Federal Statute found in 29 U.S.C. § 201, *et seq.*  Accordingly, removal of this action is proper, pursuant to 28 U.S.C. § 1331.

### DIVERSITY JURISDICTION

In addition, Defendant is a corporation organized under the laws of the State of Florida, with its principal place of business located in Orlando, Florida. Rogers Decl., ¶ 2.  Thus, Defendant is a citizen of Florida for purposes of diversity jurisdiction, and is not a citizen of California.  *See* 28 U.S.C. § 1332(c). Indeed, the majority of Majestic Pictures, Inc.'s executive and administrative functions are performed in Orlando, Florida, which is also where Defendant's corporate offices and executives are located.  Rogers Decl. ¶ 2.  Accordingly, Defendant's principal place of business is appropriately Florida.

W02-WEST:1JPB1\400771753.1                                NOTICE OF REMOVAL)

Plaintiff is a California employee of Defendant.  At all times relevant to this action he has been a resident of the State of California.   Exh. A ¶¶ 1, 4.  Residence is prima facie evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California, and he is not a citizen of the State of Florida for purposes of diversity jurisdiction.

The putative plaintiff class members are natural persons who received a paycheck from Defendant in the State of California after January 28, 2004.  Exh. A, ¶ 27.  Accordingly, all of these putative class members (i.e. employees who worked for Defendant in California within four years of the filing of the Complaint) are believed to be residents of t he State of California, as that is where they were employed during the relevant time period.  In addition, although Plaintiff has not stated the total amount in controversy in this action.  However, such amount is believed to be in excess of $75,000, given the class nature of the claims.  As such, removal of this action is also proper under 28 U.S.C. § 1332.

## THIS NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

Defendant has filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) in a timely fashion (*i.e.* within 30 days of the effectuation of service on Defendant of Plaintiff's Complaint).   Specifically, Defendant was served with Plaintiff's Complaint on March 5, 2008 and is filing this notice within 30 days of that service.  Rogers Decl. ¶ 3.  A copy of this Notice of Removal will also be served on Plaintiff's counsel and filed with the Central District of the Los Angeles Superior Court.  Prior to filing this Notice of Removal, Defendant properly filed an Answer to the Complaint in Los Angeles County Superior Court.

Defendant is informed and believes that none of the fictitiously named defendants (designated as Does 1 through 100) have been served with a copy of the Summons and Complaint.  Accordingly, they are not parties to this action and need

1  not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213
2  (9th Cir. 1980).

3      WHEREFORE, Defendant removes the original action brought by
4  Plaintiff, now pending in the Central District of the Superior Court of the State of
5  California for the County of Los Angeles, to this Court.

6

7  Dated:  April 4, 2008

8                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9

10                 By

11                          DOUGLAS R. HART
12                          JONATHAN P. BARKER
                            Attorneys for Defendant
13                          MAJESTIC PICTURES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1JPB1\400771753.1                                      NOTICE OF REMOVAL)



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MAJESTIC PICTURES, INC., and DOE ONE through and including
DOE ONE HUNDRED,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPH WARREN, individually and on behalf of all others similarly
situated



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 23 2008

John A. Clarke, Executive Officer/Clerk

By _____ Dep.
H.M. SWAIN

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanley Mosk Courthouse,
111 N. Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*  **BC384170**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Harris, Matthew E. Kavanaugh; Harris & Ruble, 323-931-3777
5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036

DATE:    **JAN 23 2008**    John A. Clarke    Clerk, by _____, Deputy
*(Fecha)*                                       *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

**EXHIBIT A**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

3

Alan Harris (SBN 146079)
Matthew E. Kavanaugh (SBN 239961)
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel: 323.931.3777
Fax: 323.931.3366

Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 23 2008

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
D.M. SWAIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

## CENTRAL DISTRICT

JOSEPH WARREN, individually and on behalf of all others similarly situated

Plaintiffs,

vs.

MAJESTIC PICTURES, INC., and DOE ONE through and including DOE ONE HUNDRED,

Defendants.

Case No.: BC384170

**COMPLAINT**
[Class Action and Collective Action Complaint]

1. § 203 California Labor Code, Continuing Wages

2. § 226 California Labor Code, Failure to Provide Information on Pay Stubs

3. §§ 510 and 1194 California Labor Code, Failure to Pay Minimum Wage and Overtime Compensation

4. 29 U.S.C. § 206, Failure to Pay Minimum Wage

5. 29 U.S.C. § 207, Failure to Pay Overtime Wage

6. § 17200 et seq. Cal Bus & Prof Code, Restitution, Disgorgement of Profits and Injunctive Relief

**DEMAND FOR TRIAL BY JURY**

1   COMES NOW Plaintiff, and for his causes of action against Defendant, alleges as

2   follows:

3   **JURISDICTION AND VENUE**

4   (1) This is a civil action seeking continuing wages, restitution, injunctive relief,

5   damages and attorneys' fees and costs by reason of Defendant's violations of various

6   sections of the California Labor Code, Fair Labor Standards Act ("FLSA"), and section

7   17200 *et seq.* of the California Business and Professions Code.

8   (2) Pursuant to California Code of Civil Procedure § 382, Plaintiff brings this case

9   individually and as a class and collective action on behalf of employee classes consisting

10  of individuals employed by Defendant in California on the production of a television

11  commercial production.

12  (3) Venue as to Defendant is proper in this judicial district, pursuant to California

13  Business & Professions Code § 17203 and California Code of Civil Procedure §§ 395(a)

14  and 395.5. Defendant maintains an office, transacts business, has an agent, or is found in

15  the County of Los Angeles and is within the jurisdiction of this Court for purposes of

16  service of process. The unlawful acts alleged herein had a direct effect on and were

17  committed within the State of California.

18  **PARTIES**

19  (4) JOSEPH WARREN ("WARREN") is an individual, who, during the time

20  periods relevant to this Complaint, was employed within the County of Los Angeles,

21  State of California. Plaintiff is a resident of the County of Los Angeles, State of

22  California.

23  (5) MAJESTIC PICTURES, INC. ("MAJESTIC") was and is a Florida

24  Corporation, which at all times relevant herein, conducted business within the County of

25  Los Angeles, State of California. MAJESTIC employed WARREN and members of the

26  putative class on a television commercial production within the county of Los Angeles,

27  State of California.

28  (6) Defendants DOE ONE through and including DOE ONE HUNDRED are sued

1   herein under the provisions of section 474, Code of Civil Procedure.  Plaintiff is unaware
2   of the true names, identities or capacities, whether corporate, individual or otherwise, of
3   said fictitiously name defendants, but leave of Court will be prayed to amend this
4   pleading to insert the same herein when finally ascertained.  Plaintiff is informed,
5   believes and thereupon alleges that each of the fictitiously named defendants is an entity,
6   which during the relevant time period maintained a place of business in the County of
7   Los Angeles, State of California.

8                                    **GENERAL ALLEGATIONS**

9           (7) Defendant employed WARREN in the production of a television commercial
10  production for "Rooms To Go," (hereinafter, the "Production"), from on or about August
11  6, 2007, through on August 10, 2007, excluding August 8, 2007, at a rate of $500 for the
12  first 10 hours.  That equals approximately $45.46 per hour for the first 8 hours, $68.19
13  per hour for the hours worked between 8 and 12, and $90.92 for all hours in excess of 12
14  per day.  WARREN's total compensation for the work he performed on the Production
15  was $2,820.00.

16          (8) WARREN was discharged from the Production on or about August 10, 2007,
17  but not paid for his work until the pay check and pay stub was mailed to him, on or after
18  September 17, 2007.  Attached hereto as Exhibit 1 is a true an accurate copy of the
19  paycheck and pay stub WARREN received from Defendant, as well as a copy of the
20  envelope the check was mailed in.

21          (9) Upon information and belief, all individuals who were employed on the
22  Production as crewmembers were mailed their checks on or after September 17, 2007.

23          (10) At all relevant times mentioned herein, section 201 of the California Labor
24  Code, which deals with the payment of wages for employees discharged from service,
25  provided that payment of wages shall be made immediately after discharge.  Section 202
26  of the California Labor Code provides for payment of quitting employees within 72
27  hours.

28          (11) Defendant may contend that section 201.5 of the California Labor Code

controls its final payments to employees. Section 201.5 of the California Labor Code provides a discharged employee shall be paid by the next regularly scheduled payday.

(12) Defendant did not compensate WARREN and members of the putative class as required by sections 201 and/or 201.5 of the California Labor Code.

(13) At all relevant times mentioned herein, Section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty form the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

(14) If Defendant contends California Labor Code § 201.5 applies and is correct, then sections 204 and 210 of the California Labor Code also apply.

(15) At all times relevant herein, section 204 of the California Labor Code provided in part:

> All wages, other than those mentioned in Section 201, 202, 204.1 or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

(16) By failing to pay WARREN and members of the putative class all wages when due, the Defendant violated section 204.

(17) At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

(18) At all relevant times mentioned herein, § 510 (a) of the California Labor Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following
(1) An alternative workweek schedule adopted pursuant to Section 511.
(2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

(19) In regard to the employment of WARREN, the provisions of subparagraphs (1) and (2) of Section 510 of the Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to Section 511 and Plaintiff's employment to which reference is hereinafter made was not governed by any collective bargaining agreement.

(20) At all relevant times mentioned herein, § 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

(21) The Fair Labor Standards Act provides, in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. §§ 206 and 207(a)(1).

(22) Accordingly, pursuant to 29 U.S.C. § 216, WARREN and members of the putative class is entitled to damages according to proof, liquidated damages, attorney's

1   fees, and costs of suit.

2       (23) At all relevant times mentioned herein, section 558 of the California Labor

3   Code provided:

4       (a) Any employer or other person acting on behalf of an employer who
violates, or causes to be violated, a section of this chapter or any provision

5   regulating hours and days of work in any order of the Industrial Welfare
Commission shall be subject to a civil penalty as follows: (1) For any initial

6   violation, fifty dollars ($50) for each underpaid employee for each pay
period for which the employee was underpaid in addition to an amount

7   sufficient to recover underpaid wages. (2) For each subsequent violation,
one hundred dollars ($100) for each underpaid employee for each pay

8   period for which the employee was underpaid in addition to an amount
sufficient to recover underpaid wages. (3) Wages recovered pursuant to this

9   section shall be paid to the affected employee.

10      (24) Plaintiff and class members were not timely paid the minimum wages or

11  overtime to which they were entitled.

12      (25) At all relevant times mentioned herein, Section 226 of the California Labor

13  Code provided:

14      (a) Every employer shall, semimonthly or at the time of each payment of
wages, furnish each of his or her employees, either as a detachable part of

15  the check, draft, or voucher paying the employee's wages, or separately
when wages are paid by personal check or cash, an itemized statement in

16  writing showing (1) gross wages earned, (2) total hours worked by the
employee, except for any employee whose compensation is solely based on

17  a salary and who is exempt from payment of overtime under subdivision (a)
of Section 515 or any applicable order of the Industrial Welfare

18  Commission, (3) the number of piece-rate units earned and any applicable
piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

19  provided, that all deductions made on written orders of the employee may
be aggregated and shown as one item, (5) net wages earned, (6) the

20  inclusive dates of the period for which the employee is paid, (7) the name of
the employee and his or her social security number, (8) the name and

21  address of the legal entity that is the employer, and (9) all applicable hourly
rates in effect during the pay period and the corresponding number of hours

22  worked at each hourly rate by the employee. The deductions made from
payments of wages shall be recorded in ink or other indelible form, properly

23  dated, showing the month, day, and year, and a copy of the statement or a
record of the deductions shall be kept on file by the employer for at least

24  three years at the place of employment or at a central location within the
State of California.

25  (e) An employee suffering injury as a result of a knowing and intentional
failure by an employer to comply with subdivision (a) is entitled to recover

26  the greater of all actual damages or fifty dollars ($ 50) for the initial pay
period in which a violation occurs and one hundred dollars ($ 100) per

27  employee for each violation in a subsequent pay period, not exceeding an
aggregate penalty of four thousand dollars ($ 4,000), and is entitled to an

28  award of costs and reasonable attorney's fees.

(26) Plaintiff and members of the putative class were tendered paychecks by the Defendant in connection with the Production that did not comply with section 226 of the California Labor Code.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

(27) The class represented by Plaintiff consists of all natural persons tendered a paycheck by or on behalf of Defendant in the State of California during the period from four years prior to the filing of this Complaint to the date of the filing of the motion for class certification.

(28) Plaintiff contends that the failure of Defendant to make payments within the time provided for in California Labor Code § 201 has been and is "willful" within the meaning of such word as used in section 203 of the Labor Code and that, accordingly, each member of the Plaintiff Class is entitled to the "continuing wages" provided for in section 203.

(29) The number of persons within the Plaintiff Class is great, believed to be in excess of 50 persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

(30) Despite the numerosity of the members of the Plaintiff Class, membership within the Plaintiff Class is readily ascertainable through an examination of the records which Defendant is required by law to keep and which it has kept. Likewise, the dollar amounts owed to each plaintiff are readily ascertainable by an examination of the same records.

(31) The Plaintiff Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each class member.

(32) There is a well-defined community of interest in the questions of law and fact common to the Plaintiff Class. The key questions are the same for each class member: (a) was such class member an employee of Defendant in connection with the Production (b) Was such class member discharged by Defendant? (c) Was such class member paid

1   his or her wages at the time of discharge as provided for in Section 201 of the California
2   Labor Code? (d) Was such class member paid the overtime compensation owed by
3   Defendant? (e) Was such class member paid his or her minimum and/or overtime wages
4   as required by the Fair Labor Standards Act? (f) Has Defendant violated the mandatory
5   requirements of Section 226 of the California Labor Code?

6   (33) Plaintiff's claims are typical of the claims of the members of the Plaintiff
7   Class, which all arise out of the same general operative facts, i.e., Defendant did not
8   compensate its employees as required by the California Labor Code and Fair Labor
9   Standards Act.  Plaintiff has no conflicts of interest with the other members of the
10  Plaintiff Class and is able to fairly and adequately represent the interests of such class.

11  (34) A class action is a far superior method for the fair and efficient adjudication
12  of this controversy for a number of reasons.  First, the persons within the class are
13  numerous, and joinder of all of them is impractical. Second, the disposition of all claims
14  of the members of the class in a class action rather than in individual actions will benefit
15  both the parties and the court.  In that regard, the claims of each individual member of
16  the class are too small to litigate individually and the commencement of one hundred or
17  more separate actions in this Court would lead to an undue burden on scarce judicial
18  resources.  Further, the alternative of individual proceedings before the Labor
19  Commissioner is impractical inasmuch as that agency has insufficient resources to
20  promptly process such claims and, under the provisions of Labor Code § 98.2, if the
21  individual class members were to succeed in obtaining awards in their favor, such
22  awards my be appealed as a matter of right for a *de novo* trial in Superior Court, leading
23  to a multiplicity of such trials in that court.  Further, absent class treatment, employees
24  will most likely be unable to secure redress given the time and expense necessary to
25  pursue individual claims and individual class members will likely be unable to retain
26  counsel willing to prosecute their claims on an individual basis given the small amount
27  of recovery available to each individual class member. As a practical matter, denial of
28  class treatment will lead to denial of recovery to the individual members of the class.

(35) The interest of each class member in controlling the prosecution of his or her individual claim against Defendant is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE ACTION ALLEGATIONS

(36) In this collective action, Plaintiff seeks to represent all natural persons who were employed by the Defendant and who were not paid in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, within the relevant time period ("Collective Action").

(37) Plaintiff is similarly situated with the members of the Collective Action in that:

(a) Plaintiff and the members of the Collective Action were employed by the Defendant;

(b) Plaintiff and the members of the Collective Action were not timely compensated for their hours under the FLSA;

(c) Defendant knowingly and willfully violated provisions of the FLSA, by not paying Plaintiff and the members of the Collective Action their correct amount of wages when due;

(d) As a result of the Defendant's policy and practice of withholding compensation for all hours worked, including minimum wages and overtime compensation, Plaintiff and the members of the Collective Action have been similarly damaged in that they have not received all of their earned wages to date;

(38) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b) as to claims for unpaid wages, liquidated damages, costs and attorneys' fees under the FLSA.

(39) All members of the Collective Action during the relevant time period should be given notice and be allowed to give their consent in writing, i.e. "opt in," the collective action pursuant to 29 U.S.C. § 216 (b).

9
COMPLAINT

### FIRST CAUSE OF ACTION
(Continuing Wages, §§ 203 et seq., California Labor Code)

(40) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs of this First Amended Complaint.

(41) Defendant employed WARREN on the Production from on or about August 6, 2006, through on or about August 10, 2006 excluding August 8, 2007. On or about August 10, 2006, Plaintiff was discharged from the Production. Defendant did not pay Plaintiff his earned wages as required by sections 201 and/or 201.5 of the California Labor Code. The members of the class were discharged in the same manner and were not paid their earned wages as required by sections 201 and/or 201.5 of the California Labor Code.

(42) Defendant's failure to compensate Plaintiff and the members of the Plaintiff Class within the time provided for in sections 201 and/or 201.5 of the California Labor Code, despite their knowledge of their obligation to do so, was "willful" as the word is used in § 203.

(43) Plaintiff and each member of the putative class is, accordingly, entitled to continuing wages from Defendant in an amount to be determined by proof.

### SECOND CAUSE OF ACTION
(Failure to Provide Information on Pay Stubs, § 226 California Labor Code)

(44) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

(45) Defendant failed to provide Plaintiff and the other members of the class with pay stubs conforming to the requirements of section 226 of the Labor Code. For example, Defendant did not provide the applicable hourly rates and the number of hours worked at each rate, or the total hours worked, on the pay stub. Accordingly, Plaintiff and the other members of the class are each entitled to damages according to proof, plus costs and reasonable attorney's fees in accordance with the provisions of California Labor Code § 226 (e).

/

**THIRD CAUSE OF ACTION**
(§§ 510 and 1194 of the California Labor Code,
Damages for Unpaid Minimum Wages and Overtime Compensation)

(46) Plaintiff repleads, reallages and incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

(47) During their employment by Defendant on the Production, Plaintiff and the other members of the class worked many hours without timely compensation as required by law. Defendant has failed to pay Plaintiff and the other members of the class their minimum wages and overtime wages as required by sections 510 and 1194 of the Labor Code.

(48) Plaintiff and the other members of the class are entitled to recover their unpaid minimum wages and overtime wages in an amount to be established by proof, liquidated damages under section 1194.2 of the California Labor Code and their costs and attorney's fees as provided for in section 1194 of the California Labor Code.

**FOURTH CAUSE OF ACTION**
(Violation of Fair Labor Standards Act, 29 U.S.C. § 206, Failure to Pay Minimum Wage)

(49) Plaintiff repleads, realleye and incorporate by reference each and every allegation set forth in the Complaint.

(50) Defendant, by not paying Plaintiff and the members of the Collective Action the wages due and owing to them, has violated the Fair Labor Standards Act by failing to provide at least minimum wages to Plaintiff and members of the class as required by 29 U.S.C. § 206.

(51) Plaintiff and the members of the Collective Action are therefore entitled to be paid at least liquidated damages, attorney's fees and costs, in accordance with 29 U.S.C. § 216 (b).

**FIFTH CAUSE OF ACTION**
(Violation of Fair Labor Standards Act, 29 U.S.C. § 207, Failure to Pay Overtime)

(52) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in preceding paragraphs of this Complaint.

11
COMPLAINT

14

(53) Defendant, by not timely paying Plaintiff and the members of the Collective Action the overtime wages due and owing to them, has violated the Fair Labor Standards Act by failing to timely provide the overtime wages to Plaintiff and members of the class as required by 29 U.S.C. § 207.

(54) Plaintiff and the members of the Collective Action are therefore entitled to be paid their liquidated damages, attorney's fees and costs, in accordance with 29 U.S.C. § 216 (b).

### SIXTH CAUSE OF ACTION
(Restitution, Disgorgement of Profits and Injunctive Relief, §17200 et seq. California Business & Professions Code)

(55) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs of this First Amended Complaint.

(56) Plaintiff is suing in both his individual capacity and on behalf of the general public.

(57) Beginning on a date unbeknownst to Plaintiff, but at least four years prior to the filing of this Complaint, Defendant committed acts of unfair competition as defined in Business and Professions Code § 17200, by engaging in the following acts and practices: (1) failing to pay its employees all earned and unpaid wages at the time of layoff and/or discharge; (2) failing to timely pay its employees their minimum wages and overtime wages; and (3) failing to provide its employees with a detailed itemized pay stub.

(58) The acts and practices as described in the paragraph above violate Business & Professions Code § 17200 in the following respects:

a.      Defendant's policy and practice of failing to pay its discharged employees all earned and unpaid wages immediately upon discharge in accordance with § 201 of the California Labor Code and, consequently, constitute an unlawful business act or practice with the meaning of Business and Professions Code § 17200.

b.      Defendant's policy and practice of failing to pay employees overtime wages violate §§ 510 and 1194 of the California Labor Code and Wage Order 12, and,

1   consequently, constitute an unlawful business act or practice within the meaning of

2   Business and Professions Code § 17200.

3         c.     Defendant's policy and practice of failing to provide its employees

4   with a detailed itemized pay stub violate § 226 of the California Labor Code and,

5   consequently, constitute an unlawful business practice within the meaning of Business

6   and Professions Code §17200.

7        (59) Under § 17200 et seq. of the Business and Professions Code, this Court is

8   authorized to enter such judgment or order as may be necessary to restore to any person

9   in interest the money or property acquired by Defendant through its unlawful and unfair

10  business practices alleged herein.

11

12  **WHEREFORE,** Plaintiffs prays judgment as follows:

13       (1) That this Court certify the proposed Plaintiff Class.

14       (2) That this Court certify the proposed Collective Action.

15       (3) That, under the First Cause of Action, it be adjudged that the failure of

16  Defendant to make timely payments of Plaintiff's wages was in violation of the law

17  wages within the time prescribed in sections 201 and/or 201.5 of the Labor Code, and

18  was "willful" as that word is used in § 203 of the Labor Code, and that the Court enter

19  judgment in favor of Plaintiff and members of the putative class in an amount equal to

20  not more than 30 times their average daily wage, as prescribed by § 203 of the Labor

21  Code.

22       (4) That, under the Second Cause of Action, the Court enter judgment in favor of

23  Plaintiff and the class members in an amount to be established by proof, costs, and

24  attorneys fees, in accordance with Section 226(e) of the Labor Code.

25       (5) That, under the Third Cause of Action, this Court enter judgment in favor of

26  Plaintiff and class members their unpaid overtime wages and or minimum wages,

27  liquidated damages, interest thereon, reasonable attorneys' fees and cost of suit.

28       (6) That, under the Fourth Cause of Action, this Court enter judgment in favor of

1  Plaintiff and the members of the Collective Action the amount of their late paid

2  minimum wages as liquidated damages, costs, and attorneys' fees, in accordance with 29

3  U.S.C. § 216 (b).

4       (8) That, under the Fifth Cause of Action, this Court enter judgment in favor of

5  Plaintiff and the members of the Collective Action the amount of their late paid overtime

6  wages as liquidated damages, costs, and attorneys' fees, in accordance with 29 U.S.C. §

7  216 (b).

8       (9) Pursuant to Business and Professions Code § 17203, and pursuant to the

9  equitable powers of this Court, Plaintiff prays that the Defendant be preliminarily and

10  permanently enjoined from (1) failing to pay its employees all earned and unpaid wages

11  at the time of their discharge; (2) failing to pay its employees overtime wages; and (3)

12  failing to provide its employees with itemized pay stubs.  Furthermore, pursuant to

13  Business and Professions Code § 17203, and pursuant to the equitable powers of this

14  Court, Plaintiff prays that Defendant be ordered to restore to the general public all funds

15  acquired by means of any act or practice declared by this Court to be unlawful or to

16  constitute unfair competition under Business and Professions Code § 17200 et seq.

17       (10) For such other and further relief as this Court may deem fit and proper.

18  Plaintiff demands trial by jury as to all causes of action.

19

20  DATED: January 17, 2008                      HARRIS & RUBLE

21

22                                               By:

23                                               Alan Harris
                                                 *Attorney for Plaintiff*

24

25

26

27

28

# Exhibit
# 1

Bank of America
ACH IVT 063100277

331

034

**MAJESTIC PICTURES, INC.**
1000 UNIVERSAL STUDIOS PLAZA
ORLANDO, FL  32819
PH. 407-363-8475

9/16/2007

PAY TO THE
ORDER OF   Joseph Warren                                                    $  **2,820.00

Two Thousand Eight Hundred Twenty and 00/100************************************************************ DOL

Joseph Warren
4125 Adam Road
Simi Valley, CA 93063

MEMO   1099

⑈003318⑈ ⑆063000047⑆ 005484618806⑈

331

Joseph Warren                          8/6–8/10/07 RTg                      9/16/2007                    2,820.00

Checking            1099                                                                                2,820.00

19



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____   BC384170

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Hon. James C. Chalfant | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosefield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
|  |  |  | Other |  |  |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/08)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alan Harris (SBN 146079); Matthew E. Kavanaugh (SBN 239961)<br>HARRIS & RUBLE<br>5455 Wilshire Boulevard, Suite 1800<br>Los Angeles, California 90036<br>TELEPHONE NO.: (323) 931-3777   FAX NO.: (332) 931-3366<br>ATTORNEY FOR *(Name):* Plaintiff Russell Neilson | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JAN 2 3 2008<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>D.M. SWAIN |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

| CASE NAME:<br>Warren v. Majestic Pictures, Inc. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>BC384170 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[✓] Other employment (15) | | |

**2.** This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Type of remedies sought *(check all that apply):*
a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

**4.** Number of causes of action *(specify):* Six

**5.** This case [✓] is [✗] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 17, 2008

Alan Harris
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

23

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Warren v. Majestic Pictures, Inc. | BC384170 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 4 - 6   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

---
**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

---

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Warren v. Majestic Pictures, Inc. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Warren v. Majestic Pictures, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 3 of 4 |
|---|---|---|

| SHORT TITLE:<br>Warren v. Majestic Pictures, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1600 Rosecrans Ave |
|---|---|
| CITY:<br>Manhattan Beach | STATE:<br>CA | ZIP CODE:<br>90266 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: _____January 18, 2008_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**



*from the*

LOS ANGELES SUPERIOR COURT
**ADR DEPARTMENT**

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

- ♦ **ENE can reduce litigation time and costs and promote settlement.**

- ♦ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- ♦ **ENE is voluntary and confidential.**

- ♦ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- ♦ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- **Chatsworth**
- **Pomona**
- **Santa Monica**
- **Van Nuys**
- **Stanley Mosk** (Departments listed below only.)

  Department 15

  Department 16

  Department 28

  Department 30

  Department 31

  Department 32

  Department 38

  Department 42

  Department 47

  Department 50

  Department 52

  Department 55

  Department 56

  Department 68

  Department 71

  Department 89

### LOS ANGELES SUPERIOR COURT
### CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

MEDIATION    A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

ARBITRATION    A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

ENE    A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

SETTLEMENT CONFERENCE    A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

MEDIATION, ARBITRATION & ENE    Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

SETTLEMENT CONFERENCE    Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL  INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 01-07)

Page 1 of 2

30

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion.  Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

PARTY PAY PANEL
The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

PRO BONO PANEL
The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono.  Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system.  It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

ENE
The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators.  The evaluators provide preparation time and three hours hearing time per case at no charge.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

PRIVATE NEUTRAL
The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| **A Mediator helps parties. . .** | **A Mediator does not…** |
|---|---|
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
| | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

**THIS IS A TWO-SIDED DOCUMENT.**

ADR 007 07-04
LASC Approved

33

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| Short Title | Case Number |
|---|---|
| | |

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

     On **April 4, 2008**, I served the following document(s) described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. 1331, 1332, 1441 AND 1446 (FEDERAL QUESTION AND DIVERSITY JURISDICTION)**on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Alan Harris                       Tel: 323-931-3777
Matthew E. Kavanaugh        Fax: 323-931-3366
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 213-620-1398. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed on **April 4, 2008**, at Los Angeles, California.

Andrea L. Stuart